CATHERINE FALLON, PLAINTIFF-APPELLEE, v. TILLIE V. REYNOLDS, DEFENDANT-APPELLANT.

CATHERINE FALLON AND PATRICK FALLON, PLAIN-TIFFS-APPELLEES, y. TILLIE V. REYNOLDS, DEFEND-ANT-APPELLANT.

Submitted May 26, 1924—Decided August 15, 1924.

·Sale of Land—Installment Payment—Breach of Vendor—Improvements by Vendee Before Breach Without Order of Vendor—Liability of Vendor—Agreement of Vendor to Reimburse.

On appeal from the Orange District Court.

Before Justices MINTURN, TRENCHARD and LLOYD.

For the appellant, *Palmer & Cooper.*

For the respondent, *William Tyacke.*

PER CURIAM.

These two cases were argued together and will be so dealt with here. On the 27th day of May, 1922, Tillie B. Reynolds, and Patrick Fallon and Catherine Fallon, entered into articles of agreement, whereby Mrs. Reynolds agreed to convey to the Fallons, for the consideration therein named, the premises No. 258 Watchung avenue, in the town of West Orange. The agreement called for the payment of $350 as the first installment due upon the consideration of $5,200.

After the execution of the agreement and the payment of the $350, the Fallons proceeded to have some painting done upon the buildings at an expense of $328. The agreement of sale was never carried out by the parties. Thereupon, two suits were instituted by Catherine Fallon, to which later the name of Patrick Fallon was added as a party plaintiff. Both actions proceeded upon the theory that the vendor had defaulted in performance of the agreement, and the deposit money was sought to be recovered by reason of such default, and a specific promise by the appellant to return it and the painting bill on an express promise. The cases were heard by the District Court judge and a verdict rendered for the plaintiffs, in one case for the sum of $350 and the other in the sum of $328. From these judgments appeals are taken to this court.

When the plaintiffs rested, the defendant moved for a nonsuit on the painting claim for $328 on the ground (1) that the plaintiffs had not actually paid out any money on the painting, and (2) on the ground that it was an act solely for her benefit and not for that of the defendant. The judge refused to grant the motion, and an exception was noted to the defendant. At the conclusion of the cases the defendant moved for a verdict in her favor in the painting claim on the ground that the evidence showed the painting to have been done without the knowledge or consent of the defendant, and without her authority. In the suit involving the return of the purchase-money on the ground that Patrick Fallon had not been joined. At this point the court suggested that Patrick Fallon's name be added by way of an amendment, and this was done. To the ruling of the court permitting the amendment, an exception was allowed, but no exception was taken to the refusal of the court to render the verdict as requested.

There was evidence in the case which would justify a finding that the defendant, the vendor, had failed to carry out her agreement, and the trial judge so found. Upon this finding the defendant became liable for the return of the purchase-money already paid and for the damages which her

breach of contract legally engendered. It is claimed by the plaintiff that the painting bill can be comprised within such damages. It appears from the proofs in the case that the painting was without the knowledge or authority of the defendant, and was a purely voluntary act on the part of the plaintiffs in order that they might satisfy the building association which was proposing to make a loan to enable them to carry out their purchase bargain. The damages naturally expected to follow from a breach of contract of this sort are the moneys paid, plus the expenses incurred in effecting the title, and any value in the property beyond that which the purchaser has agreed to pay. *Brown* v. *Honniss*, 70 *N. J. L.* 260. As the painting item cannot be classified as within any of these consequences of the breach, it would seem to follow that the judgment of the court below in the case based upon the painting obligation cannot be sustained on this ground.

After the painting had been completed, however, there is proof in the case that the defendant was apprised of the fact, and that she promised to "refund the deposit money and pay all expenses." The only claim to which the expression "pay all expenses" could reasonably refer was the painting item. There was no proof of any other demand except the $350 deposited on the making of the agreement. As trier of the facts we cannot say that the judge erred in deeming this to be a promise to pay the painting bill. While the painting of the house was a voluntary act on the part of the plaintiff, and no liability must attach by reason of that fact, even though the defendant benefited thereby, it was competent for the defendant to obligate herself to repay it. She was a defaulting vendor, and a promise to pay for painting and materials on her house could be predicated on a release of the vendee's rights. There is ample proof that this was the case. The plaintiff's story was that if plaintiff would sign a paper requesting defendant to take the property back, the defendant would return the deposit and pay all expenses. There was therefore a sufficient consideration for the promise.

The result we reach is to affirm the judgment in each case.